Cecil HALCOMB, Appellant,

v.

Leola HALCOMB, Appellee.

Court of Appeals of Kentucky.

June 10, 1960.

Lewis & Weaver, London, for appellant.

John C. Little, McKee, for appellee.

CULLEN, Commissioner.

Cecil Halcomb appeals from a judgment which granted his wife a divorce on the ground of abandonment, awarded her custody of their three-year-old daughter with an allowance of $100 per month for support of the child, and granted the wife $50 per month alimony so long as she remains single.

The appellant maintains that the court had no jurisdiction of him—at least no jurisdiction to render a personal judgment for child support and alimony—because he was a resident of Missouri and the summons was served on him in Missouri, and the return on the summons was defective. However, any questions related to the summons served in Missouri are immaterial because subsequently (and before judgment) he was served with a proper summons in Kentucky, and was given ample opportunity to defend the action. See CR 4.09. He complains of the fact that the depositions for the plaintiff were taken before the second summons was served and at a time when he was not before the court, but we can find no substance to this complaint because his attorney was present at the taking of the depositions and cross-examined the witnesses, and because after the appellant was served in Kentucky he was afforded ample time for taking such proof as he desired.

The appellant contends that there was no proof that he had sufficient earning capacity or estate to sustain the allowances for child support and alimony. The evidence was that shortly before the divorce action was brought he had completed the internship that constitutes the final stage of qualification for practice of the medical profession and had commenced practice in Missouri. He had borrowed $12,000 to finance his medical education and in the first few months of practice had paid back $4,000 of this loan. The latter fact is sufficient evidence of his earning capacity, if indeed any evidence should be needed to establish that a doctor is capable of earning enough money to pay $150 per month for support of his wife and child.

The appellant argues that the alimony should have been in a lump sum. However, since he had not accumulated any property we think the periodic allowance was proper. See Hicks v. Hicks, Ky., 290 S.W.2d 483. In view of the evidence that the wife worked and contributed her earnings to the support of the family during a substantial part of the eight-year period the husband was attending school, and the absence of any evidence of fault on her part, the husband is hardly in a

position to complain of the amount of the alimony allowance.

With respect to the appellant's suggestion that the wife's parents should support the child because they are wealthy we need only say that we are amazed that such a suggestion could seriously be made.

■ It is contended that the wife did not prove residence in this state for the required period. However, the evidence would warrant the conclusion that prior to the time the husband went to Missouri the legal residence of both parties was in Kentucky; she returned to her parents' home in Kentucky (at his request), from Tennessee where he was serving his internship, more than a year before the divorce action was brought; and although she made a visit to him in Missouri to attempt a reconciliation she never lived with him there. We think this was sufficient to bring her within the Kentucky residence requirements.

The judgment is affirmed.